Opinion filed February 22, 2007 
















 
 
  
 
 







 
 
  
 
 




Opinion filed February 22, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00212-CR 

                                                    __________

 

                                     JODY MAX GOODE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 244th District Court

 

                                                           Ector
 County, Texas

 

                                                 Trial
Court Cause No. C-32,458

 



 

                                                                   O
P I N I O N








This is
an appeal from a judgment adjudicating guilt. 
Jody Max Goode originally entered a plea of guilty to the offense of
aggravated assault.  Pursuant to the plea
bargain agreement, the trial court deferred the adjudication of his guilt,
placed him on community supervision for four years, and assessed a $500 fine.  At the hearing on the State=s motion to adjudicate, appellant entered
pleas of true to the State=s six allegations that he had violated the
terms and conditions of his community supervision.  The trial court determined that appellant had
violated the terms and conditions of his community supervision, revoked his
community supervision, adjudicated his guilt, and imposed a sentence of
confinement for eight years and a $500 fine. 
We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  

In his brief, counsel states that appellant claims
that his original plea of guilty is not valid; that he was incompetent at the
time of both his original guilty plea and his plea at the adjudication hearing;
that his trial counsel was ineffective; that he was unable to confront
witnesses and to present  mitigation
evidence at the punishment phase; and that he had a claim of self-defense.  We agree with counsel=s
assessment that each of these contentions are frivolous.  

As counsel notes,
Tex. Code Crim. Proc. Ann. art. 42.12, '
5(b) (Vernon 2006) precludes an appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Davis
v. State, 195 S.W.3d 708, 709 (Tex. Crim.
App. 2006); Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State, 176 S.W.3d
829, 831 (Tex.
Crim. App. 2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992).  To the extent that appellant is
challenging the decision to adjudicate his guilt, these contentions are
dismissed for want of jurisdiction.

On appeal from the adjudication of his guilt, an
appellant may not attack the original proceedings at which the adjudication of
his guilt was deferred.  Vidaurri v.
State, 49 S.W.3d 880, 884 (Tex.
Crim. App. 2001).  Therefore, any
contentions attacking the proceeding to defer the adjudication of guilt are
also dismissed for want of jurisdiction.

Counsel correctly notes that the record before
this court does not support appellant=s
remaining contentions.  Appellant was
afforded an opportunity to present evidence at the punishment hearing and, in
fact, testified in his own behalf.  The
record further reflects that trial counsel provided reasonably effective
assistance of counsel at this phase of the proceedings.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S.
668 (1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Hernandez v. State,
988 S.W.2d 770 (Tex. Crim. App. 1999).  
Appellant=s
remaining contentions are overruled.








Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  A response has not been
filed.  Court-appointed counsel has complied
with the requirements of Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland
2005, no pet.).

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that counsel has
the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206 S.W.3d 670 (Tex.
Crim. App. 2006).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 66.  Black v. State,  No. 11-06-00273-CR, 2007 WL 431005 (Tex. App.CEastland, Feb. 8, 2007, no pet. h.).

The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

 

February 22, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.